IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
LAS CRUCES DIVISION

| | | |
|---|---|---|
| **FERMIN FUENTES, Individually and On Behalf of All Others Similarly Situated,** § § § § | | |
| **Plaintiff,** § | **Civil Action No.** | |
| § | | |
| **v.** § | **2:19-CV-103** | |
| § | | |
| **LA ESPERANZA MEAT MARKET, INC.; LA ESPERANZA MEAT MARKET-TIHARA, INC.; GUILLERMO OROZCO** § § § § § | | |
| **Defendants.** | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Fermin Fuentes ("Named Plaintiff") on behalf of himself and all others similarly situated ("Class Members" herein) (Named Plaintiff and Class Members are collectively referred to herein as "Plaintiffs") brings this wage theft suit against the above-named Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, as amended and the New Mexico Minimum Wage Act ("NM Wage Act"), N.M. STAT. § 50-4-19, *et seq*.

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich*

*& Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Likewise, the NM Wage Act requires that employees who work more than forty hours in a week be paid one and one-half times their regular hourly rate for hours worked in excess of forty hours. N.M. STAT. § 50-4-22.

3. Defendants La Esperanza Meat Market, Inc., La Esperanza Meat Market-Tihara, Inc., and Guillermo Orozco ("Orozco") (together "Defendants") violated the FLSA and the NM Wage Act by failing to pay their workers who are non-exempt under the FLSA or the NM Wage Act overtime wages as required by federal and New Mexico law. Defendants' non-exempt grocery workers, including Plaintiff, worked more than forty hours per week but were, in most workweeks, not paid at one and one-half times their regular rates of pay for all hours worked over forty in a workweek. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff with regard to the work performed and the Defendants' compensation policies, Named Plaintiff bring this action as an opt-in collective action pursuant to 29 U.S.C. § 216(b) and as an opt-out class action under Federal Rule of Civil Procedure 23.

## II. PARTIES

4. Named Plaintiff Fermin Fuentes is an individual who was employed by Defendants within the meaning of the FLSA. Named Plaintiff Fuentes was employed by Defendants from approximately September 2015 until September 2016. He consents to be a party-plaintiff in this action. *See* Exhibit A hereto.

5. Defendant La Esperanza Meat Market, Inc. is a New Mexico corporation that is doing business in New Mexico. La Esperanza Meat Market, Inc. may be served with process in this action by service upon its registered agent for service, Guillermo Orozco, 1007 North Coleman, Hobbs, New Mexico 88240.

6. Defendant La Esperanza Meat Market-Tihara, Inc. is a New Mexico corporation that is doing business in New Mexico.  La Esperanza Meat Market, Inc. may be served with process in this action by service upon its registered agent for service, Guillermo Orozco, 509 S. Dal Paso, Hobbs, New Mexico 88240.

7. Guillermo Orozco is an individual residing in or around Hobbs, New Mexico.  Defendant Orozco has, at all times relevant to this action, been an "employer" of Plaintiffs as that term is used in the FLSA, 29 U.S.C. §203(d), and as used in the NM Wage Act, NMSA § 50-4-21(B).  Defendant Orozco  may be served with process at 509 S. Dal Paso, Hobbs, New Mexico 88240, or wherever he may be found.

### III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction in this matter because Named Plaintiff asserts claims arising under federal law.  Specifically, Named Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.  This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiffs' NM Wage Act claims form part of the same case or controversy under Article III of the United States Constitution.  Therefore, this Court has supplemental jurisdiction over Plaintiffs' NM Wage Act claims pursuant to 28 U.S.C. §1367(a).  This Court also has personal jurisdiction over all parties to this action.

9. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Lea County, New Mexico, which is in this District and Division.  Named Plaintiff was an employee of Defendants, and performed work for Defendants, in Lea County, New Mexico.  Defendants are subject to this Court's personal jurisdiction with

respect to this civil action. Defendants thus reside in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

10. At all relevant times, Defendants have each, individually and jointly, acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

11. At all times hereinafter mentioned, Defendants have each, individually and jointly, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendants have each, individually and jointly, been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned Defendants have each, individually and jointly, been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise have had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. COVERAGE UNDER THE NM WAGE ACT

15. At all times hereinafter mentioned, Defendants have each, individually and jointly, been an "employer" within the meaning of Section 50-4-21(B) of the NM Wage Act.

16. At all times hereinafter mentioned, Named Plaintiff and the NM Class Members (defined below) were individual "employees" within the meaning of Section 50-4-21(C) of the NM Wage Act, and whom Defendants have each, individually and jointly, at all relevant times "employ[ed]" within the meaning of Section 50-4-21(A) of the NM Wage Act.

## VI. FACTUAL ALLEGATIONS

17. Defendants operate one or more retail grocery store locations in Hobbs, New Mexico.

18. Named Plaintiff was a non-exempt employee for Defendants in Hobbs, New Mexico from approximately September 2015 until September 2016.

19. In the performance of their work, Plaintiffs handle tools, equipment, food, and other materials that were manufactured or produced outside of New Mexico.

### A. Named Plaintiff and the Class Members were non-exempt employees who were not paid at lawful overtime rates.

20. Prior to January 1, 2016, Defendants paid Plaintiffs and the Class Members a salary, and treated them as "exempt" from the overtime protections of the FLSA and NM Wage Act. They were, however, at all times, non-exempt workers.

21. Plaintiff was paid a salary from September 2015 until December 2015. During that four (4) month time frame, Named Plaintiff's salary ranged from $450 to $900. Although Plaintiff routinely worked in excess of forty hours per week, Plaintiff was not paid any additional compensation for hours worked in excess of forty in a week.

22. Beginning in or around January 2016, Defendants began paying Named Plaintiff on an hourly basis. However, while they paid them an hourly wage, Defendants did not pay Named Plaintiffs

and Class Members at a rate that was not less than one and one-half times their regular rates of pay for all hours that they worked in excess of forty in a workweek.

23. For example, during the week of March 21, 2016 through March 27, 2016, Named Plaintiff worked at least 68 hours and 28 minutes. However, Defendants paid Named Plaintiff the same amount--$15.50—for all hours that he worked during that workweek.

24. By way of further example, during the week of May 2, 2016 through May 8, 2016, Named Plaintiff worked at least 99 hours and 51 minutes. However, Defendants paid Named Plaintiff the same amount--$15.50—for all hours that he worked during that workweek.

25. For all times relevant to this action, the Plaintiffs' primary job duty for Defendants has been the performance of manual, non-management work. The Plaintiffs' primary job duty is not the performance of office, or non-manual work directly related to Defendants' management or general business operations, or those of their customers.

26. Rather, Plaintiffs spend most of their time performing manual tasks in Defendants' stores such (1) packaging meat; (2) rotating and stocking produce; (3) rotating and stocking grocery goods; (4) baking; and/or (5) cleaning. The job duties of Defendants' non-exempt grocery workers were and are essentially the same. As a result, each non-exempt grocery worker performed the same or similar job duties throughout Defendants' operation. The job functions of Plaintiffs required little to no official training, and it did not require a college education or other advanced degree.

27. Named Plaintiff's job duties remained the same throughout his employment with Defendants.

28. Plaintiffs did not direct the work of two or more employees at any time during their employment. Plaintiffs did not have the authority to hire or fire other employees, and their suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

29. Plaintiffs did not perform work that required knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; and they do not perform work in a recognized field of artistic or creative endeavor.

30. Named Plaintiff and Class Members worked long hours. The Plaintiffs typically worked in excess of 40 hours per week, and they often worked sixty hours per week and sometimes more.

31. Although they worked long hours, Defendants failed and refused to compensate the Named Plaintiff and Class Members at a rate that is not less than time-and-one-half their regular rates of pay for the hours they worked in excess of 40 in a workweek.

32. Defendants have employed and are employing other individuals as non-exempt grocery workers who have performed the same or similar job duties under the same pay provisions as Named Plaintiff, in that they have performed, or are performing, the same job duties, have been paid an hourly wage, have worked in excess of forty hours in a workweek, and have been denied overtime compensation at a rate that is not less than one-and-one-half times their regular rates of pay.

33. Defendants knowingly, willfully, or with reckless disregard carried out, and continues to carry out, its illegal pattern or practice of failing to pay overtime compensation to Named Plaintiff and the Class Members.

### B. Defendant Orozco is individually liable for violations of the FLSA and NM Wage Act.

34. Defendant Orozco is La Esperanza Meat Market's owner.

35. Defendant Orozco made the decision to classify grocery workers, including Named Plaintiff, as exempt from overtime pay under the FLSA and NM Wage Act.

36. Defendant Orozco also made the decision to pay Defendants' non-exempt grocery workers a salary without any additional overtime pay until January 1, 2016. After January 1, 2016, Defendant Orozco made the decision to pay Defendants' non-exempt grocery workers an hourly wage during

most workweeks, but not to pay them at one and one-half times their regular rates of pay for all hours worked over forty in a workweek.

37. Defendant Orozco has hire and fire authority over Named Plaintiff and all of Defendants' non-exempt grocery workers.

38. Defendants jointly employed Named Plaintiff and Class Members, and NM Class Members. Defendants exercised a unified operation and common control over the Named Plaintiff and Class Members.

### C. Defendants' misclassification of non-exempt grocery workers, and failure to pay non-exempt grocery workers at lawful overtime rates constitute a continuing course of conduct.

39. In 2009, the New Mexico 49th Legislature unanimously passed—and the governor signed—House Bill 489.  House Bill 489 became effective June 19, 2009.  With House Bill 489's passage, the statute of limitations for wage claims, including unpaid overtime claims, under the NM Wage Act was extended from one year to three years.  NMSA 1978 § 37-1-5.  Also, effective June 19, 2009, the statute of limitations under the NM Wage Act is tolled when the violation is part of a "continuing course of conduct."   *Id.* § 50-4-32.

40. Named Plaintiff began working in Defendants' store, which is located in New Mexico, in or around September of 2015 and he continued working there until on or around October 20, 2016.

41. Throughout his employment, Defendants have failed and refused to pay Named Plaintiff overtime compensation at a rate that is not less than one and one-half times his regular rate of pay for all of the hours that he has worked in excess of forty in a work week.

42. Defendant's practice of misclassifying its grocery workers as exempt from the overtime protections of the FLSA and NM Wage Act predates June 19, 2009.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

43. Named Plaintiff seeks conditional certification pursuant to 29 U.S.C. § 216(b) of the following class (the "FLSA Class Members"):

    **All of Defendants' current and former workers in the last three years**

44. Named Plaintiff and the FLSA Class Members performed the same or similar job duties as one another in that they worked as, and performed the duties of, non-exempt grocery store employees. Further, Named Plaintiff and the FLSA Class Members were subjected to the same pay provisions in that they were all paid an hourly wage, but were not compensated at the rate of at least one and one-half their regular rates of pay for all hours worked in excess of 40 in a workweek, as specifically discussed above.

45. Defendants' failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of misclassifying its non-exempt grocery store workers as exempt from the overtime protections of the FLSA. This policy or practice is applicable to the Named Plaintiff and all FLSA Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiff also applied to all FLSA Class Members.

## VIII. NM WAGE ACT RULE 23 CLASS ALLEGATIONS

46. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiff, individually and on behalf of all other similarly situated employees, pursues NM Wage Act claims against Defendants.

47. Named Plaintiff seeks certification of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "NM Class Members") as follows:

    **All of Defendants' current and former workers who performed any work for Defendants after June 19, 2009**

48. Named Plaintiff, individually and on behalf of all other similarly situated employees, seeks relief on a class basis challenging Defendants' practice of failing and refusing to pay overtime compensation in accordance with the NM Wage Act and therefore failing to pay Named Plaintiff and other similarly situated employees one and one-half times their regular hourly rates of pay for all hours worked over forty in a week.

49. Named Plaintiff and the NM Class Members performed the same or similar job duties as one another in that they worked as, and performed the duties of, non-exempt grocery store employees of Defendants.  Further, Named Plaintiff and the NM Class Members were subjected to the same pay provisions in that Defendants did not pay them overtime compensation at the lawful rate for hours worked in excess of 40 in a workweek, as specifically discussed above.

50. Defendants' failure to compensate employees for hours worked in excess of 40 in a workweek as required by the NM Wage Act results from a policy or practice of failing and refusing to pay overtime compensation in accordance with the NM Wage Act.  This policy or practice is applicable to the Named Plaintiff and all NM Class Members.  Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit.  Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiff also applied to all NM Class Members.

51. Therefore, throughout the relevant period, Defendants knew that Named Plaintiff and NM Class Members were not being properly compensated for all of their hours worked.

52. Plaintiffs' NM Wage Act claims against Defendants satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements for the certification of a class action under Federal Rule of Civil Procedure 23.

53. **Numerosity.** The class satisfies the numerosity standard as it is believed that there are more than 50 NM Class Members. Consequently, joinder of all NM Class Members in a single action is impracticable. The data required to calculate the size of the class is within the sole control of Defendants.

54. **Commonality.** There are questions of law and fact common to the class that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

    a) Whether Defendants violated the NM Wage Act by failing to pay the NM Class Members overtime compensation for their work hours;

    b) Whether Defendants' violation of the NM Wage Act constituted a continuing course of conduct;

    c) Whether Defendant Orozco is individually liable for Defendants' violation of the NM Wage Act;

    d) Whether Defendants are jointly and severally liable for violating the NM Wage Act; and

    e) The proper measure of damages sustained by the NM Class Members.

55. **Typicality**. Named Plaintiff's claims are typical of those of the class because Named Plaintiff's claims arise from the same course of conduct and legal theories as the claims of the prospective NM Class Members. Like the NM Class Members, Named Plaintiff worked as a non-exempt employee for Defendants. Like the NM Class Members, Named Plaintiff regularly worked in excess of forty hours per week. Like the NM Class Members, Named Plaintiff was misclassified as exempt and was not compensated at proper overtime rates for all overtime hours worked. The other facts outlined above likewise apply equally to both Named Plaintiff and the NM Class Members.

56. **Adequacy**. Named Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the NM Class Members he seeks to represent. The interests of the members of the class will be fairly and adequately protected by Named Plaintiff and the undersigned counsel, who have experience in employment and class action lawsuits.

57. **Superiority.** A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the class could afford to pursue individual litigation, doing so would unduly burden the court system. Individual litigation of many of these claims would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the class would create risk of inconsistent and varying judicial results and establish incompatible standards of conduct for Defendants. A single class action can determine the rights of all NM Class Members in conformity with the interest of efficiency and judicial economy.

### IX. CAUSE OF ACTION ONE:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

During the relevant period, Defendants violated Section 7 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by employing employees, including Named Plaintiff and the FLSA Class Members, in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for which they were employed.  Defendants acted willfully in failing to pay Named Plaintiff and the Class Members in accordance with applicable law.

## X. CAUSE OF ACTION TWO:  FAILURE TO PAY WAGES IN ACCORDANCE WITH NEW MEXICO MINIMUM WAGE ACT

58. During the relevant period, Defendants violated the New Mexico Minimum Wage Act, N.M. STAT. § 50-4-22 (West 2018), by employing employees, including Named Plaintiff and the NM Class Members, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-one-half times their regular hourly rate.  Defendants' violation of New Mexico Minimum Wage Act occurred as part of a continuing course of conduct.

## XI. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, Named Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

a. For an expedited Order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b), and individually, and on behalf of any and all such class members.

b. For an Order certifying the NM Wage Law claims as a Class Action pursuant to Fed. R. Civ. P. 23, for designation of Named Plaintiff as Class Representative under applicable NM law, and for designation of Plaintiff's counsel as class counsel;

c. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Named Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff (and those who may join the suit);

d. For an Order awarding Named Plaintiff and the NM Class Members damages pursuant to N.M. Stat. 50-4-26;

e.  For an Order awarding Named Plaintiff and the NM Class Members damages for all violations, regardless of the date on which they occurred, as a result of Defendants' continued course of conduct pursuant to N.M. Stat. Ann. 50-4-32;

f.  For an Order awarding Named Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

g.  For an Order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees; and

h.  For an Order awarding Named Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

i.  For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.; and

j.  For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

        Respectfully Submitted,

        **MORELAND VERRETT, P.C.**
        700 West Summit Drive
        Wimberley, Texas 78676
        Tel: (512) 782-0567
        Fax: (512) 782-0605

        By: */s/ Edmond S. Moreland, Jr.*
             Edmond S. Moreland, Jr.
             edmond@morelandlaw.com

        Daniel A. Verrett
        daniel@morelandlaw.com
        The Commissioners House at Heritage Square
        2901 Bee Cave Road, Box L
        Austin, Texas 78746
        (512) 782-0567
        (512) 782-0605 – telecopier

        **ATTORNEYS FOR PLAINTIFFS**